**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 02-1099

NAOMI FRAZIER,

Plaintiff - Appellant,

versus

JO ANNE B. BARNHART, Commissioner of Social
Security,

Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Columbia. Margaret B. Seymour, District Judge.
(CA-00-3421-3-24BC)

Submitted: April 15, 2002          Decided: May 1, 2002

Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Naomi Frazier, Appellant Pro Se. John Berkley Grimball, II, OFFICE
OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Naomi Frazier appeals the district court's order adopting the magistrate judge's report and recommendation and affirming the denial of Frazier's claim for disability insurance benefits. Frazier's case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (1994). The magistrate judge recommended affirming the Commissioner's denial of benefits and advised Frazier that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Frazier failed to object to the magistrate judge's recommendation.

The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Frazier has waived appellate review by failing to file objections after receiving proper notice. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2